UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL W. HAYES, JR.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 23-CV-0124-CVE-SH |
| ) | |
| **TRANSPORTATION INSURANCE** ) | |
| **COMPANY,** ) | |
| **CNA FINANCIAL CORPORATION D/B/A** ) | |
| **CNA COMMERCIAL INSURANCE, and** ) | |
| **RANDALL L. HENDRICKS, M.D.,** ) | |
| **individually,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Before the Court are plaintiff Michael W. Hayes Jr.'s motion to remand (Dkt. # 11); defendant Transportation Insurance Company's ("Transportation") response to plaintiff's motion to remand (Dkt. # 22); defendant CNA Financial Corporation's ("CNAF") motion to dismiss for lack of personal jurisdiction (Dkt. # 13); plaintiff's response to CNAF's motion (Dkt. # 20); CNAF's reply (Dkt. # 24); and plaintiff's motion to withdraw his motion to remand (Dkt. # 25). Transportation removed this action to this Court on the basis of diversity jurisdiction. Dkt. # 2. Plaintiff asked the Court to remand his case to state court,[1] arguing that the parties are not completely diverse, and Transportation has not met its burden to demonstrate that plaintiff fraudulently joined defendant Randall L. Hendricks, M.D. in an attempt to defeat that diversity jurisdiction. Dkt. # 11.

---

[1] More than a month after filing his motion to remand, and after the motion was fully briefed and plaintiff's deadline to file a reply had expired, plaintiff moved to withdraw his motion to remand (Dkt. # 25). For the reasons stated herein, the Court will rule on the motion to remand to determine the proper party defendants. Plaintiff's motion to withdraw (Dkt. # 25) is denied.

In addition, CNAF moves to dismiss plaintiff's petition against it pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Dkt. # 13.

## I.

The following facts are taken from plaintiff's petition: on October 10, 2018, plaintiff was injured when a tortfeasor stuck plaintiff's vehicle from behind. Dkt. # 2-1, at 2. Plaintiff's vehicle was owned by his employer, and plaintiff was operating it within the scope of his employment at the time of the incident. Id. Plaintiff alleges that his employer had purchased an automobile insurance policy with Transportation/CNAF, which covered the vehicle plaintiff was operating. Id. at 3. The policy included $1,000,000 in underinsured/uninsured motorist ("UM") coverage, which was available to plaintiff under the circumstances. Id.

On August 27, 2019, plaintiff sent Transportation/CNAF "his medical records and bills in support of his UM claim" under the policy. Id. On March 4, 2020, Transportation/CNAF evaluated plaintiff's claim in the amount of $48,200, which, after the tortfeasor's limits of $25,000, meant Transportation/CNAF claimed it owed plaintiff $23,200. Id. Also on March 4, 2020, plaintiff informed Transportation/CNAF that he would be undergoing an evaluation because his injuries "were still ongoing," and Transportation/CNAF "did not question or object" to plaintiff seeking an evaluation. Id. On March 10, 2020, Transportation/CNAF "demanded [plaintiff] sign a Release before [they] would issue *any* payment . . . for his UM claim." Id. Plaintiff did not sign any release and continued to pursue his subsequent medical evaluation for his claim.

On April 17, 2020, plaintiff was evaluated in person for his injuries by Dr. Aaron McGuire, who recommended additional treatment including "chronic pain management with a pain management specialist" and determined that plaintiff "sustained a total of 45% whole person

2

permanent partial impairment to his lumbar spine." Id. at 4-5. On May 21, 2020, plaintiff sent Dr. McGuire's medical evaluation report to Transportation/CNAF "for review and further evaluation as part of [his] UM claim." Id. at 5. Transportation/CNAF "hired an outside law firm to help evaluate" plaintiff's claim, and that firm advised Transportation/CNAF to hire Dr. Hendricks "to complete a Defensive Medical Examination ('DME')" of plaintiff. Id. Dr. Hendricks did not conduct a physical examination of plaintiff, but reviewed his medical records and submitted a report to Transportation/CNAF, which then "relied on" the report "to justify" its "refusal to pay additional UM benefits owed to [plaintiff] for his ongoing injuries and permanent disabilities." Id. at 5, 6.

Thereafter, on October 16, 2020, Transportation/CNAF issued payment to plaintiff for the full amount it agreed it owed him more than seven months earlier, but no longer required that plaintiff sign the release. Id. at 4. This alleged improper delay, and the initial requirement that plaintiff sign a release as a condition of payment, forms the basis of plaintiff's bad faith claim against the insurer.

On September 7, 2022, plaintiff filed this petition in Tulsa County District Court alleging four claims for relief: "bad faith" (count 1) against defendants Transportation and CNAF; and tortious inference with contract (count 2), medical malpractice (count 3), and defamation (count 4) against Dr. Hendricks. Dkt. # 2-1. Plaintiff completed service of process on CNAF and Transporation on March 1, 2023, and March 2, 2023, respectively. Dkt. # 2-6 at 3-4. Dr. Hendricks has not been served, nor does it appear that plaintiff ever sought a summons for him. Id.

On March 30, 2023, Transportation removed the action to this Court, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332. Dkt. # 2. Plaintiff is a resident of Tulsa County, Oklahoma. Dkt. # 2-1 at 1. Transportation and CNAF are both foreign, for-profit companies outside Oklahoma; however,

Dr. Hendricks is a "citizen and resident" of Tulsa County, Oklahoma. Id. at 1-2. Transportation notes that Dr. Hendricks had not been served process, and asserts that plaintiff fraudulently joined Dr. Hendricks in an attempt to thwart diversity jurisdiction. Dkt. # 2. On April 3, 2023, plaintiff filed his motion to remand, arguing that Transportation has not demonstrated there is no possibility of recovery against Dr. Hendricks. Dkt. # 11. However, to date, defendant has not addressed why Dr. Hendricks has not been properly served.

On April 6, 2023, CNAF filed its motion to dismiss for lack of personal jurisdiction. Dkt. # 13. Attached to its motion to dismiss, CNAF provided a declaration of David B. Lehman, the assistant secretary of CNAF. Dkt. # 13-1. In it, Lehman states that "CNAF is a publically traded holding company, organized under the laws of the State of Delaware, and it maintains its principal place of business in Chicago, Illinois. CNAF was created for, among other reasons, the purpose of holding common stock of a number of operating subsidiaries for the benefit of CNAF's shareholders." Id. at 1. Lehman states that CNAF is the parent company of The Continental Corporation, which is in turn the parent company of Continental Casualty, which is the parent company of defendant Transportation. Id. at 2. Lehman states that "'CNA Commercial Insurance' is not a company. Rather, 'CNA' is a service mark registered with the United States Patent and Trademark Office by CNAF. Certain of CNAF's direct and indirect subsidiaries, including Continental Casualty and [Transportation], are permitted to use this service mark and do so in their insurance underwriting and claims activities." Id. Lehman states that CNAF does not do business in Oklahoma, does not own property in Oklahoma, and does not have any offices or employees in Oklahoma. Id. Lehman further states that CNAF is not now and never has been a licensed insurer, and has never held a certificate of authority from the Commissioner of the Department of Insurance

4

of the State of Oklahoma. Id. He states that CNAF does not develop, underwrite, market, or issue, and never has developed, underwritten, marketed, or issued, insurance policies anywhere, including in Oklahoma. Id. He states that CNAF does not hire and never has hired any underwriters or other employees responsible for setting premiums for any insurance policies issued by any of its subsidiaries, including Transportation. Id. He states that CNAF has never adjusted, settled, or paid any insurance claims anywhere, including in Oklahoma. Id. He states that no person or entity, including any direct or indirect subsidiary of CNAF, has ever had the express or implied authority to act as CNAF's agent in the issuance of insurance policies or handling claims for insurance benefits. Id. at 3. He states that CNAF does not do business as "CNA Commercial Insurance" in Oklahoma or elsewhere. Id. He further states that CNAF did not develop, underwrite, or issue an insurance policy to plaintiff or his employer. Id. He states that CNAF has no employees, and its board of directors conducts separate meetings from those of its subsidiaries. Id. CNAF also maintains its own minutes of its board meetings, by-laws, articles of incorporation, and corporate records, while its subsidiaries have their own minutes, by-laws, articles of incorporation, and corporate records. Id. CNAF maintains its own books and accounting records and its own separate banking financial accounts. Id. at 4. CNAF and its direct and indirect subsidiaries, including Transportation, have always been separate and distinct corporate entities. Id.

The Court will first consider plaintiff's motion to remand. If the Court has jurisdiction over the matter and does not remand it to Oklahoma state court, then it will proceed to CNAF's motion to dismiss for lack of personal jurisdiction.

## II.

Removal to federal court is permitted for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a). Under § 1332, a party must show that complete diversity of citizenship exists between the adverse parties. Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006). The amount in controversy can be established by a plaintiff's allegation that the amount in controversy exceeds $75,000, or the defendant may come forward with evidence of jurisdictional facts supporting a conclusion that the amount in controversy exceeds $75,000. McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008).

Where a defendant chooses to exercise the right of removal, it must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. V. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[2]

---

[2] This and all other unpublished decisions are not precedential, but are cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

The bulk of the parties' briefs concerning the motion to remand are dedicated to whether plaintiff fraudulently joined defendant Randall L. Hendricks, M.D. in an attempt to defeat diversity jurisdiction. However, the Court need not decide whether Dr. Hendricks was fraudulently joined because plaintiff's claims against Dr. Hendricks were "deemed dismissed" prior to removal to this Court. Plaintiff filed his petition Tulsa County District Court on September 7, 2022. Dkt. # 2-1. Under Oklahoma law, plaintiff had one hundred eighty days from filing to complete service of process on Dr. Hendricks. OKLA. STAT. tit. 12, § 2004(I) ("If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff has not shown good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice . . . ."). Plaintiff had until March 6, 2023 to serve Dr. Hendricks. As of March 30, 2023, the date this action was removed to this Court, plaintiff had not served Dr. Hendricks. Dkt. # 2-6. Transportation's notice of removal stated that Dr. Hendricks had not been served, Dkt. # 2 at 6; yet there is no indication that plaintiff sought to remedy this deficiency. Plaintiff also did not address this issue in his motion to remand, nor did he reply to Transportation's response, which argued the dispositive effect of failing to serve Dr. Hendricks. The Court finds that plaintiff has had ample opportunity to show good cause for why he failed to serve Dr. Hendricks within one hundred eighty days of filing his petition, but has not done so. Thus, plaintiff's claims against Dr. Hendricks must be deemed dismissed as of March 7, 2023, the day after the one hundred eighty day service period ran. Thibault v. Garcia, 398 P.3d 331, 333 (Okla. Civ. App. 2017) ("[S]ection 2004(I) requires that a petition not served in compliance with that statute be deemed dismissed 181 days after it was filed.").

As Dr. Hendricks is deemed dismissed as of March 7, 2023, complete diversity existed at the time of removal on March 30, 2023, and so removal was proper. Therefore, plaintiff's motion to remand should be denied.

### III.

Now that the Court has affirmed that it has subject matter jurisdiction over this matter, it will consider CNAF's motion to dismiss for lack of personal jurisdiction. For a court to exercise personal jurisdiction over a nonresident defendant in a diversity action, the plaintiff must demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the United States Constitution. See OKLA. STAT. tit. 12, § 2004(F). "Because Oklahoma's long-arm statute permits the exercise of jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000) (citing Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988)); see also Hough v. Leonard, 867 P.2d 438, 442 (Okla. 1993).

"Due process requires that the nonresident defendant's conduct and connection with the forum state are such that the nonresident could reasonably anticipate being haled into court in that state." Conoco, Inc. v. Agrico Chem. Co., 115 P.3d 829, 835 (Okla. 2004) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). "The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" Intercon, 205 F.3d at 1247 (quoting World-Wide Volkswagen, 444 U.S. at 291). The existence of such minimum contacts must be shown to support the exercise of either general jurisdiction or specific jurisdiction. Id. "When a plaintiff's

cause of action does not arise directly from a defendant's forum related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state." Id. (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-16 & n.9 (1984)). Alternately, a court "may, consistent with due process, assert specific jurisdiction over a nonresident defendant 'if the defendant has purposefully directed his activities at the residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" Id. (quoting Burger King Corp., 471 U.S. at 472).

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing that the Court has personal jurisdiction over the defendant. OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). "When a district court rules on a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, . . . the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." Id. (citations omitted). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." Id. at 1091. "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)). The allegations of the petition must be accepted as true to the extent they are uncontroverted by a defendant's affidavit. Taylor v. Phelan, 912 F.2d 429, 431 (10th Cir. 1990). If the parties provide conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor. Id.

9

Plaintiff's petition alleges that CNAF "is a foreign, for-profit company that is doing business in the state of Oklahoma." Dkt. # 2-1, at 2. Thereafter, every other reference to CNAF in the petition is combined with Transportation, as either a single entity or two entities working in concert.[3] However, Lehman's affidavit defeats plaintiff's prima facie showing of jurisdiction by establishing that CNAF does not conduct business in Oklahoma, and that it played no role in plaintiff's interactions with Transportation which give rise to plaintiff's claims. Dkt. # 13-1.

Plaintiff does not refute anything in Lehman's affidavit. Instead, plaintiff's response to the motion to dismiss raises, for the first time, his contention that the Court has jurisdiction over CNAF based on the alter-ego doctrine. "[A] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." Benton v. Cameco Corp., 375 F.3d 1070, 1081 (10th Cir. 2004) (quoting Quarles v. Fuqua Indus., Inc., 504 F.2d 1358, 1362 (10th Cir.1974)). "Circumstances justify disregard of the corporate entity if separation of the two entities has not been maintained and injustice would occur to third parties if the separate entity were recognized." Quarles, 504 F.2d at 1362. In considering whether to disregard the corporate entity, the "effort is to ascertain from the total facts the extent of actual control exercised by the parent over the internal affairs of its subsidiary" Id. "In order to establish jurisdiction under the alter-ego theory, there must be proof of pervasive control by the parent over the subsidiary more than what is ordinarily exercised by a parent corporation." Gilbert v. Sec. Fin. Corp. of Oklahoma, 152 P.3d 165, 174 (Okla. 2006), abrogated on other grounds by Montgomery v. Airbus Helicopters, Inc., 414 P.3d 824 (Okla. 2018).

---

[3] Plaintiff's petition refers to Transportation Insurance Company as "TIC" and CNAF as "CNA" throughout, and every factual allegation related to the insurance claim cites to "TIC/CNA," or "TIC and CNA." Dkt. # 2-1.

The Court has reviewed plaintiff's petition and finds that it does not contain any allegations to support an inference that Transportation is the alter ego of CNAF. It does not allege that CNAF exercised any control over Transportation, let alone the type of "pervasive control" that would warrant jurisdiction under alter-ego theory. The petition clearly alleges that CNAF was an active participant in the events giving rise to this lawsuit. Now that Lehman's affidavit has defeated those allegations, plaintiff raises a different legal argument that contradicts the facts as alleged in the petition. However, because Lehman's uncontroverted affidavit defeats the petition's allegations concerning CNAF's involvement and the petition alleges no facts that support a basis for an alter ego theory of personal jurisdiction, the Court finds no basis to exercise personal jurisdiction over CNAF.

Perhaps realizing that he lacks a factual foundation to support the alter ego doctrine, plaintiff asks the Court to grant jurisdictional discovery to determine whether the doctrine may apply. "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by the motion." Sizova v. Nat'l Institute of Standards & Technology, 282 F.3d 1320, 1326 (10th Cir.2002). However, a district court has discretion in the manner in which it resolves a motion for lack of jurisdiction, and jurisdictional discovery is not required if no party will be prejudiced by the refusal to allow discovery. Id. "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of facts is necessary.'" Id. There is no precedent suggesting that jurisdictional discovery should be permitted to give a plaintiff a second opportunity to prove that a defendant is subject to the personal jurisdiction in a particular forum. Plaintiff chose to respond to CNAF's motion to dismiss by raising a purely legal argument, which contradicts his alleged facts. Further, the only avenue of discovery plaintiff identifies that he might seek is a "breakdown of corporate officials or board members of

CNAF and its various subsidiaries, including Transportation . . . ," but this information does not uncover evidence supporting jurisdiction. Dkt. # 20, at 6. In its reply, CNAF provides both CNAF's and Transportation's officers. Dkt. # 24-1 at 2; Dkt. # 24-2. While there is overlap among the officers of the two organizations, overlapping directors or officers, alone, is "insufficient proof" to establish that Transportation is the alter ego of CNAF. Benton, 375 F.3d at 1081 (finding overlapping officers to be "insufficient proof" that the subsidiary is the agent or alter ego of the parent company). Plaintiff has not identified any contested factual issues that merit further inquiry before the Court rules on the motion to dismiss. The Court will not grant jurisdictional discovery at this stage simply because the allegations in plaintiff's petition were wrong and he is now searching for another way to establish a basis for the Court to exercise personal jurisdiction over CNAF. In these circumstances, there is no basis for the Court to find that any party will be prejudiced by the denial of jurisdictional discovery. Conversely, the Court finds that CNAF will be prejudiced if the Court grants jurisdictional discovery in this case where plaintiff's petition fails to allege disputed jurisdictional facts. Such a result would allow plaintiff to circumvent the pleading standards and require CNAF to expend resources defending an issue that plaintiff has not alleged. Therefore, CNAF's motion to dismiss for lack of personal jurisdiction should be granted without allowing plaintiff leave to conduct jurisdictional discovery.

**IT IS THEREFORE ORDERED** that plaintiff's petition (Dkt. # 2-1) is **dismissed without prejudice**, in part, as to all claims asserted against defendant Randall L. Hendricks, M.D. and Dr. Hendricks is **dismissed without prejudice** from this action.

**IT IS FURTHER ORDERED** that plaintiff's motion to withdraw his motion to remand (Dkt. # 25) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's motion to remand (Dkt. # 11) is **denied,** as the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**IT IS FURTHER ORDERED** that defendant CNA Financial Corporation's motion to dismiss for lack of personal jurisdiction (Dkt. # 13) is **granted**. Plaintiff's petition (Dkt. # 2-1) is **dismissed without prejudice**, in part, as to all claims asserted against defendant CNA Financial Corporation and it is **dismissed without prejudice** from this action. Count one of plaintiff's petition is the only count remaining, and it remains pending against defendant Transportation Insurance Company only.

**IT IS FURTHER ORDERED** that **plaintiff and defendant Transportation Insurance Company shall file a joint status report no later than May 24, 2023.**

**DATED** this 16th day of May, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE